FROM: 08629028
TO:
SUBJECT: Legal,
DATE: 07/22/2015 06:33:12 PM

15-2465

U.S.C.A. — 7th Circuit
RECEIVED

JUL 29 2015

GINO J. AGNELLO
CLERK

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ANDREW C. KOONS,
  Applicant,

v.                                    Case No. 3:08-CV-00191-RLY-WGH

UNITED STATES OF AMERICA,
  Respondent.

### MOTION FOR COLLATERAL REVIEW OF THE APPEALS COURT'S ORDER TO DENY KOONS'S REQUEST FOR A SECCESSIVE MOTION FOR COLLATERAL REVIEW UNDER 18 U.S.C. 2255(H)

On July 10, 2015 Andrew C. Koons submitted a motion requesting permission to file a second and successive motion under 2255(h). Based on the Supreme Courts rulling in Johnson v. United States 2015 Wl 2483450 (U.S. 2015). On July 16, 2015 Case No 15-2465 this court Denied Koons's request. Stating that Koons was not sentenced under the Residual Clause of the ACCA, and that Koons has 3 prior covictions for two burglary convictions and a prior conviction for arson. However on Koons's P.S.I. Paragraph 21 chapter Four Enhancements are for Arson, Burglary two counts and Resisting law enforcement (See Exhibit (A)). The resisting law enforecement conciction is and was used under the Residual clause of the ACCA. Mr. Koons resisting law enforcement under Ind. Code: 35-44-3-3(b)(A) counts as a violent felony under ACCA's Residual clause (See United States v. Sykes 7th Cir. 2010. The District court sentenced Mr. Koons to the ACCA using burglary, arson, and resisting law enforcement under the residual clause. The government even admitted that all of Mr. Koons's priors were in fact part of one incident (See Exhibit (B)).

This court in its order denying Koons permission to file a second or successive motion under 2255 counted Mr. Koons 2 burglaries as two offenses to count twards the application of the ACCA and the arson as the third predicate offense. However this is a mistake. Mr. Koons two burlary convictions can only count as one prior (See United States v. Shepard, 544 U.S. 13, 15 (2005) Also see United States V. Kirkland, No. 11-2507 July 24, 2012 "The Kirkland court finds if a defendant has a robbery and burglary on the same day, two different victims, two offenses were different, but it revealed no information as to the timing or sequence of events then the priors must be counted as being committed simultaneously." Also "If the Shepard approved documents are equivical as to whether the offenses occured on the same occassion then ACCA does not apply." Mr. Koons prior conviction papers the Shepard approved documents only state that the burglaries were committed on December 15, 1997, and with the rulings of Shepard and Kirkland Mr. Koons has on conviction for burglary, one conviction

for Arson, and one conviction for resiting law enforcement, and the resisting law enforcement no longer counts based on the recent decision of Johnson V. United States 2015 WL 2483450 (U.S.. 2015) Therefore Koons can make a prima facie showing that he is entitled to relief under 2255.

*Andy Koons*

ANDREW C. KOONS
Reg. # 08629-028
Federal Inst. Satellite Low Elkton
P.O. BOX 10
Lisbon, Ohio
44432

21. Chapter Four Enhancements: As shown in Part B (Criminal History) below, the defendant has been convicted of Arson (38C01-9803-CF-18), Burglary-2 counts (01C01-9804-CF-8), and Resisting Law Enforcement (41D02-9712-DF-178). Since the instant offense is a conviction for 18 U.S.C. § 922(g), the defendant is an armed career criminal within the meaning of U.S.S.G. § 4B1.4. The offense level determined under U.S.S.G. § 4B1.4 is 33.    33

22. Adjustment for Acceptance of Responsibility: The defendant admits his involvement in this offense. Pursuant to U.S.S.G. § 3E1.1(a), two levels are subtracted.    -2

23. Pursuant to U.S.S.G. §3E1.1(b), one additional level is subtracted because: (1) the offense level is at least sixteen and (2) upon the motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.    -1

24. Total Offense Level:    30

## PART B. DEFENDANT'S CRIMINAL HISTORY

25. Since 1981, Indiana State Law has required all defendants charged with felonies or misdemeanors be offered the right to representation by counsel in judicial proceedings.

Juvenile Adjudication(s)

| | Date of Referral | Charge/Court | Date Sentence Imposed/Disposed | Guideline | Pnt |
|---|---|---|---|---|---|
| 26. | 10/13/95 (Age 16) | Auto Theft, Jay County, Indiana. Cause #38C01-9510-JD-35. | 11/15/95: Committed to Indiana Boys School, suspended to house arrest, counseling, and restitution. 6/5/96: Committed to Indiana Department of Correction, Juvenile Division. 9/10/96: Released to parole. 7/31/97: Released from parole. | 4A1.2(e)(3) | 0 |

According to the Petition Alleging Delinquency, on October 13, 1995, the defendant did knowingly exert unauthorized control over the property of Lisa Bragg, to wit: a 1985 Chevrolet Camaro, with the intent to deprive said person of any part of the use or value of the property.

(EXHIBIT A)

1  Q    And our belief at this time is it's a nine millimeter, but
2  we are willing to go back and check that?
3  A    Yes, sir.
4         MR. SHELLENBARGER:  I don't have any other questions.
5         THE COURT:  Mr. Shaw, any questions for the witness?
6         MR. SHAW:  Two questions, sir.
7                        **CROSS-EXAMINATION**
8  **BY MR. SHAW:**
9  Q    Chad, how are you doing today, sir?
10 A    Just fine.  How are you?
11 Q    The three underlying felonies that you had discussed from
12 Jay County, Adams County, and Johnson County, is it your
13 understanding that was part of one incident from December 18,
14 1998, that stemmed from that; it was a crime spree?  I mean,
15 from your --
16 A    To my recollection.
17 Q    -- reading and review of the probable cause is that it
18 occurred on one date and then the charges were --
19 A    Yes.
20 Q    -- filed separately?
21 A    Yes, that's correct.
22 Q    Your understanding, it was basically a crime spree by
23 Mr. Koons when he was 18?
24 A    Yes, sir.
25 Q    And, secondly, the pending charges, the state charges in