UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT
CHICAGO, ILLINOIS 60604

U.S.C.A. - 7TH CIRCUIT
R E C E I V E D
JUN 27 2016 RMS
GINO J. AGNELLO
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>RESPONDENT,<br><br>Vs.<br><br><br>ANDREW KOONS,<br><br>PETITIONER. | Criminal Case No.:<br><br>3:07-cr-19-RLY-WGH-1 |

# MOTION FOR AN ORDER AUTHORIZING THE DISTRICT COURT TO ENTERTAIN A SECOND OR SUCCESSIVE MOTION FOR COLLATERAL REVIEW

TO THE HONORABLE COURT;

PETITIONER ANDREW KOONS, files this pro se motion herein for permission to file a successive petition under 28 USC.§ 2255 in light of the new rule of constitutional law announced by the Supreme Court in <u>Johnson v. United States</u>, 1 35 S. Ct. 2551 (June 26, 2015), that renders Koons's conviction under 18 USC.§ 922(g) (1) and 924 (e)(1)unconstitutional.
Petitioner Koon would request that the court construe this pleading as a formal request to file a Successive Motion under Title 28 USC Section 2255 (a) (f) (2) of (h) .

SUCCESSIVE MOTION UNDER 28USC2255 - 1

PRELIMINARY STATEMENT

Koons was convicted of carrying a firearm during a crime of violence, under 18 USC § 922(g)(1) and 924 (e) (1). Section 924(c) defines this type of "crime of violence" as creating a "substantial risk" for injury, which the Johnson Court held is unconstitutionally vague. See § 924(c) (3)(B). Thus, Koons's § 922 (g)(1) and 924 (e) (1) (c) mandatory consecutive sentence is unconstitutional and must be vacated.

PROCEDURAL HISTORY

On April 9, 2007, the Warrick County, Indiana, Sheriff's Department received a report that Andrew Koons was in possession of a stolen automobile. According to the person providing the information, the defendant was keeping the stolen automobile at his 3055 Pelzer Road, Boonville, Indiana, residence. Officers went to the residence and found a vehicle similar to one that had been reported stolen, parked in the front of the house. The officers examined the vehicle and verified that it was in fact the missing stolen vehicle.

A neighbor approached the officers while they were at the house and informed them the defendant was at work. The neighbor also reported he had observed the defendant acting suspiciously regarding the vehicle by taking parts off the vehicle and painting it right after he brought it to his house. The neighbor also reported he had participated in a firearms transaction with the defendant within the last six weeks.

One of the officers went to the defendant's place of employment and asked to speak with him. The defendant agreed to talk to the officer and told the officer he knew why he wanted to talk to him. The defendant stated, "it's about the guns referring to guns he admitted he had in his house. He offered to turn over the guns to the officer, if the officer would drive him home immediately. The officer drove the defendant home and the defendant invited the officers inside his house so he could turn over the firearms. The defendant gave four firearms to the officers after walking to specific locations inside the house to retrieve them while the police officers observed.

SUCCESSIVE MOTION UNDER 28USC2255 - 2

The defendant provided a statement to the officers after a Miranda warning and waiver. In the statement, the defendant claimed he bought the stolen vehicle from a person without knowing it was stolen and that he was keeping the firearms inside his house for a friend named Matt Rice. -On April 25, 2007, an ATF agent interviewed Matt Rice, who informed the agent that he sold/traded all four of me firearms to Koons in exchange for a Ford Truck approximately two weeks before the interview. Rice also reported that he observed Koons in possession of another firearm while he was at Koons' house to make the trade.

The Warrick County detectives later interviewed a second suspect in the auto theft case who admitted that he was with Koons when Koons 'stole the vehicle found in front of Koons' house~ on April 19, 2007. On April 23, 2007, charges of Receiving Stolen Property and' Damaging, Covering, Removing, or Altering Vehicle Identification Numbers were filed against the defendant in Warrick Circuit Court.

Koons was convicted in Federal Court on July 7, 2008, by Plea of Guilty to Felon in Possession of a Firearm in violation of 922(g) (1) and 924 (e) (1).

The District Court sentenced Koons to a term of One Hundred Eighty Months imprisonment on Count 1ollowed by 5 years supervised release. $100.00 Assessment. Fee.

A direct Appeal was not filed.

On August 9, 2012, Koons filed a **Petition under 28 USC 2241** for Writ of Habeas Corpus by a person in federal custody. Issues raised were the challenge of the three prior felonies and their relation to each other and the manner in which they were counted and calculated.

On 2012 the Motion was denied. Citing Motion is dismissed for lack of subject matter jurisdiction.

On January 14, 2013 Koons filed a Motion pursuant to Amendment 782 for Retroactive Motion to Reduce Sentence re Crack Cocaine Offense. On August 12, the Court denied the Motion.

On 10/18/2013 Koons filed the following docketed as motion under Motion to Vacate:

**MOTION PERSUANT TO 18 USC § 3582 (C) (1) (B)**
**STANDARD OF REVIEW AND JURISDICTIONAL STATEMENT**

**ISSUES RAISED WERE:**

**I. KOONS WAS WRONGLY SENTENCED UNDER THE ARHIID CAREER CRIMINAL ENHANCEMENT BECAUSE HE DOES NOT HAVE AT LEAST THREE PRIOR CONVICTIONS FOR VIOLENT FELONIES.**

**A. MR. KOONS'S SHEPARD APPROVED PRIOR CONVICTION PAPERS SHOW THAT BE DOES BOT HAVE AT LEAST THREE VIOLENT FELONIES COMMTITED O N OCCASIONS DIFFERENT FROM EACH ANOTHER."**

On 10/18/2013, the District Court denied the Motion under 28 USC 2255. 3:13-cv-195 is dismissed for lack of subject matter jurisdiction

On 07/14/2015 Koons filed MOTION under U.S.C. § 2241 (f)(2)
based on The Supreme Court's decision in <u>Johnson v United States</u> regarding "Residual Clause" of the Armed Career Criminal Act is Unconstitutionally Vague.

On 07/24/2015 the Court entered an Order directing treatment of Motion as to ANDREW C. KOONS (1). Document shall be processed as a new civil action and re-docketed as a motion for 2255 relief in this criminal action and MOTION to Vacate under 28 U.S.C. 2255. (Per Court Order at Civil Case Opened 3:15-cv-106-RLY-WGH. The Court further directed that The civil case opened in relation to the 2255 motion filed on 7/24/2015 has been transferred to the Seventh Circuit Court of Appeals, thereby closing civil case number 3:15-cv-00106-RLY-WGH., treating the 2255 Motion as a successive Motion.

On 08/31/2015, The civil case opened in relation to the 2255 motion filed on 7/24/2015 has been transferred to the Seventh Circuit Court of Appeals, thereby closing civil case number 3:15-cv-00106-RLY-WGH.

On 09/03/2015 The Seventh Circuit Court of Appeals entered USCA Order - The District Court is Not Authorized to Entertain a Second or Successive Motion for Collateral Review as to ANDREW C. KOONS (1). (USCA #15-2865.denying relief to Movant Koons.

## GROUNDS FOR RELIEF

The sentence imposed for the § 924(c) conviction violates the Due Process clause and is therefore unconstitutional and illegal.

The Supreme Court held in Johnson that imposing a sentence based on the so-called "residual clause" of the ACCA violates a defendant's Due Process rights and is thus unconstitutional. Johnson, 135 S. Ct., at 2563.

The residual clause of the ACCA the Supreme Court held unconstitutional reads: "involves conduct that presents a serious potential risk of physical injury." § 924(e)(2)(B)(ii). The residual clause of § 924(c)(3)(B) reads: "involves a substantial risk that physical force against the person or property of another may be used." This "residual clause" of § 924(c)(3)(B) is exactly the same as 18 USC.§ 16, which defines "crime of violence" under the federal statutes. The prison's law library does not have any rulings by the Fifth Circuit on whether Johnson affects § 924(c)(3)(B) or § 16, but other courts have held this language is equally unconstitutional and cannot be used. See United States v. Vivas-Ceja, 808 F.3d 719 (7th Cir. 2015) ("Applying Johnson's reasoning here, we conclude that § 16(b) is constitutionally vague"); Dimaya v. Lynch, 803 F.3d 1110, 1111 (9th Cir.2015) (§ 16(b) 'residual clause" is "unconstitutionally vague"). Also note that the Solicitor General, in its response in Johnson, discussed that because § 924(c)(3)(B) and § 16(b) "require [] a court to identify the ordinary case of the commission of the offense," and judicially assess the risk

SUCCESSIVE MOTION UNDER 28USC2255 - 5

involved, they are "equally susceptible to [Johnson's] central objection to the residual clause." Government's 's Supplemental Brief, at 22-23, Johnson, supra.

In short, the residual clause of § 924(c)(3)(B) is unconstitutionally vague after the Supreme Court's holding in Johnson. Koons submits that his underlying offense qualified under § 924(c)'s residual clause.

United States v. Greer, 939 F.2d 1 076, 1 099 (5th Cir. 1991) (referring to § 924(c)(3)(B)). Furthermore, there were no other factors in Koon's case that would qualify under any provision other than the residual clause of § 924(c)(3)(B).

The Appeals court in previous filings perceived that there were two separate 2 counts of burglary to use as 2 offenses. The district court couldn't do this and this goes against United States v. Shepard, as well as the 7th Circuit's ruling in U.S. v. Kirkland (2012).

The Presentence Report makes reference to the priors the court used to enhance Koons under the Armed Career criminal. In actuality, the facts are One arson of a car, two counts of burglary, and one resisting arrest. The Court used of the resisting arrest instead of just the arson and the 2 burglaries because the 2 burglaries could not be counted as 2 separate offenses because United States v. Shepard (2005) limits the courts to only certain documents that the court and look at to establish whether the offenses are able to be considered 2 offenses for the purposes of ACCA. The Shepard approved documents do not evidence this being able to be used as 2 separate offenses. That is why the court had to use the arson, burglary 2 counts, and the resisting arrest. They considered the arson as one offense, the burglary as one offense, and the resisting arrest as an offense in order to enhance his sentence under give him the ACCA.

See; United States v. Kirkland, 7cir. Which also addresses this issue. The 7th circuit court of appeals stated that their circuit precedent has been in conflict conflicting with the Supreme Court's ruling in Shepard, and as a result, the Courts have misapplying the process of misapplication of the ACCA. So U.S. v. Kirkland applies in this case. Also note that the arson,

burglary 2 counts were committed on December 15, 1997, and that Koons had two codefendants. This is not reflected in the Presentence Report, however it is reflected in the Adams County copy of the Plea Agreement which is attached.

Mr. Koons should no longer be perceived as having the three priors to justify the application of the ACCA. Mr. Koons received an enhanced sentence under the ACCA because of a qualifying conviction under the "residual clause."

The prior convictions the court used to sentence Mr. Koons to the ACCA were Arson (38C1-9803-CF-18), Burlary (01 C01-9804- CF-8), and Resisting law enforcement (41D02-9712-DF-178). One of Mr. Koons's priors was resisting arrest under Indiana code Section 35-44-3-3(b)(1)(A). It was counted as a violent felony under ACCA's "residual clause", however the Supreme Courts ruling that the "residual clause" is Unconstitutionally vague. See Johnson v. U.S. 133140 (2015) Mr. Koons no longer has 3 prior offenses to qualify for the ACCA. Mr. Koons requests the court to vacate his sentence, and remand his sentence pursuant to the following supporting case law;

IV. APPLICATION TO FILE A SECOND SECTION 2255 MOTION

On July 7, 2015, Koons filed a pro se application in this Court for authorization to file a second or successive Section 2255 motion based on Johnson v. United States, S. Ct. ___, 2015 WL 2473450 (June 26, 2015). In Johnson, the Supreme Court overruled Sykes and held that imposing an increased sentence under the residual clause of the ACCA violates the Due Process Clause. Id. at *4-*11. Koons argues that in light of Johnson, he is actually innocent of being an armed career criminal and is entitled to relief. On July 10, 2015, this Court ordered the government to file a response to the application on or before July 14, 2015.

Before a federal prisoner may file in the district court a second or successive motion under Section 2255, a court of appeals must certify that the motion satisfies one of the

SUCCESSIVE MOTION UNDER 28USC2255 - 7

"gatekeeping" conditions in 28 U.S.C. § 2255(h). A court of appeals should authorize a second or successive Section 2255 motion when the prisoner makes a "prima facie showing," 28 U.S.C. § 2244(b)(3)(C), that his application satisfies one of the substantive grounds for a successive Section 2255 motion.

See 28 U.S.C. § 2255(h) (incorporating the standards from Section 2244 into Section 2255). This Court has defined the "prima facie showing" required by the gatekeeping provision as "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997); see also Reyes-Requena v. United States, 243 F.3d 893, 898-899 (5th Cir. 2001). "If in light of the documents submitted with the application it appears reasonably likely that the application satisfies the stringent requirements for the filing of a second or successive petition," the application should be granted. Bennett, 119 F.3d at 469-470; see also In re Holladay, 331 F.3d 1169, 1173-1174 (11th Cir. 2003); In re Williams, 330 F.3d 277, 281 (4th Cir. 2003); Bell v. United States, 296 F.3d 127, 128 (2d Cir. 2002); Reyes-Requena, 243 F.3d at 899.

## ANALYSIS

Section 2255(h)(2) also permits a prisoner to apply for leave to file a second or successive Section 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

I

Thus, for this Court to grant Koons's application, it must find that Johnson is a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. I. Johnson Announced a Previously Unavailable New Rule of Constitutional Law　Three of the conditions are easily satisfied. First, although neither this Court nor the Supreme Court has explicitly defined the phrase "previously unavailable" it has assumed that the standard is met when a defendant "presents his (available) claims and loses on the merits," and thereafter "the Supreme Court decides a case that helps the

SUCCESSIVE MOTION UNDER 28USC2255 - 8

defendant, unexpectedly overruling one of its precedents." In re Page, 179 F.3d 1024, 1026 (7th Cir. 1999). That certainly describes this case.

Koons presented in his previous 2255 petition(s) that his criminal convictions did not satisfy the ACCA. R. 322, at 9-10.

The Supreme Court's decision in Johnson was, at least viewed from the time of Koon's first 2255 motion, unexpected. Second, Johnson announces a rule "of constitutional law." Johnson holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Johnson, 2015 WL 2473450, at *11. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. Id., at *11.

Third, Johnson announced a "new rule." A rule is "new" if it was not "dictated by precedent existing at the time the defendant's conviction became final." Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (quoting Teague v. Lane, 489 U.S. 288, 301 (1989)); see also Graham v. Collins, 506 U.S. 461, 467 (1993). The result in Johnson was not dictated by precedent at the time Koon's conviction became final. James v. United States, 550 U.S. 192, 210 n.6 (2007). Johnson explicitly overruled both James and Sykes. Johnson, 2015 WL 2473450, at *11. ("Our contrary holdings in James and Sykes are overruled.") "The explicit overruling of an earlier holding no doubt creates a new rule." Saffle v. Parks, 494 U.S. 484, 488 (1990); see also Whorton v. Bockting, 549 U.S. 406, 416-417 (2007) (Crawford v. Washington, 541 U.S. 36 (2004), was a new rule because it overruled prior Confrontation Clause precedent). Thus, Johnson announced a new rule of constitutional law not previously available to him to Koons.

II.

Koons Has Made a Prima Facie Showing that Johnson Is Substantive and That He Is Entitled to Vacation of His ACCA Sentence   Koons Is Entitled to Certification Under Section 2255(h)(2) Koons has made a "prima facie showing that his application satisfies Section

SUCCESSIVE MOTION UNDER 28USC2255 - 9

2255(h)(2), because he has made "a sufficient showing of possible merit to warrant a fuller exploration by the district court." Bennett, 119 F.3d at 469. Specifically, he has been imprisoned for almost ten (10) years under a provision of the ACCA that the Supreme Court has held unconstitutionally vague, and, assuming there is no other basis to impose the enhanced sentence.

## III

Under Section 2255(h)(2), a second or successive motion may rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). For the reasons explained above, Koons also has a plausible argument that Johnson is a new, previously unavailable rule of constitutional law that the Supreme Court has, through "a combination of holdings," made Johnson retroactive to cases on collateral review. See Tyler, 533 U.S. at 666. Koons had no opportunity when he filed his previous habeas petitions to argue that a 2015 Supreme Court decision established that he is serving a sentence above the statutory maximum for his offense, in violation of the Due Process Clause.

And Koons has a further claim of "possible merit" that the Supreme Court has made Johnson retroactive through a combination of holdings. Banks establishes that substantive rules are retroactive, and Bousley and Summerlin establish that Teague is concerned only with rules of procedure. Because Koons can present a prima facie claim that all the requirements of Section 2255(h) are satisfied, he should be permitted to press his claim before the district court.

## CONCLUSION

Koons has made a "prima facie" showing that the new rule of constitutional law announced in Johnson renders his sentence imposed under the residual clause of § 924(c)(3)(B) unconstitutional. Moreover, this new rule is substantive and applies retroactively, as the Supreme Court has held in other opinions, which allows this Court to grant permission for Mr. Koons to file his § 2255 (h)(2) motion on this claim in the sentencing court.

SUCCESSIVE MOTION UNDER 28USC2255 - 10

The application for authorization to file a second or successive Section 2255 motion should be granted.

*[signature: Andy Koon]*
Andrew C. Koons
Reg.#08629-028
Federal Satellite Low Elkton
P.O. Box 10
Lisbon, Ohio 44432

SUCCESSIVE MOTION UNDER 28USC2255 - 11

CERTIFICATE OF SERVICE

I, Andrew Koons, #25802-018 hereby certify that on _____, 2016, I filed the foregoing Document:

**MOTION FOR AN ORDER AUTHORIZING THE
DISTRICT COURT TO ENTERTAIN A SECOND OR
SUCCESSIVE MOTION FOR COLLATERAL REVIEW**

_____ with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by placing in the Legal Mail Box at the FEDERAL CORRECTIONAL INSTITUTION ELKTON, P.O. BOX 10, LISBON, OH. 44432, BY AFFIXING SUFFICIENT POSTAGE THEREUPON TO CARRY SAME TO ITS DESTINATION.

I have also mailed the foregoing document by First-Class Mail, postage prepaid, to the following:

Gerald Coraz
Office of the U.S. Attorney
10 West Market Street
Indianapolis, Indiana
46204-3048

*Andy Koons*
Andrew C. Koons
Reg.#08629-028
Federal Satellite Low Elkton
P.O. Box 44432
Lisbon, Ohio 44432

SUCCESSIVE MOTION UNDER 28USC2255 - 12